UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARGILL INCORPORATED

VERSUS

CLARK FARM 1, L.L.C.

CIVIL ACTION

08-456-JJB

**RULING ON MOTION FOR ATTORNEY FEES AND COSTS**

This matter is before the Court on a motion for attorney fees and costs (doc. 28) submitted by the Plaintiff, Cargill, Incorporated ("Cargill"). Defendant, Clark Farm 1 L.L.C. ("Clark Farm"), has opposed the motion (doc. 30). Cargill has filed a reply motion to the opposition (doc. 31). Cargill submitted its breach of contract claim to arbitration and secured a default judgment against Clark Farm. The default judgment was confirmed and judgment was entered by this Court (doc. 27). Cargill now seeks attorney fees and costs incurred while pursuing its claim and securing a judgment. For the reasons stated herein, the Plaintiff's motion is GRANTED.

Cargill commenced this proceeding on July 23, 2008 (doc. 1). The case was sent to arbitration before the National Grain and Feed Association ("NGFA"). As a result of Clark Farm's refusal to participate in the arbitration proceeding, Cargill was awarded a default judgment in the amount of $127,950.00 plus interest running from May 20, 2009. *Arbitration Decision* No. 2362. In addition, the award provided that,

> This award is not intended to preclude the plaintiff from pursuing an additional award for interest, legal fees, or costs in a court of law. *Id.*

The arbitration decision was confirmed by this Court and judgment was entered on June 19, 2013 (doc. 27).

1

Cargill has submitted its records to support an award of $22,179.13 for attorney fees and costs (doc. 28). Cargill seeks an award of attorney fees and costs pursuant to the parties' agreement. Specifically, Purchase Contract Nos. 26766 and 26722 contained *Purchase Terms*, which provide in relevant part,

> The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under any grain contract between Buyer and Seller or relating to the formation of any grain contract between Buyer and Seller shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules….In addition to any damages otherwise provided by law, Buyer shall be entitled to recovery of its attorney fees and costs. *Id.*

The Court finds that the *Purchase Terms* in the contract authorize an award of attorney fees and costs.[1] *See Maloney v. Oak Builders, Inc.*, 235 So.2d 386 (La. 1970) ("Attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract."). When considering attorney fees, courts must determine whether the fees are reasonable. Louisiana courts evaluate the reasonableness of attorney fees by considering the following factors derived from the Louisiana Rules of Professional Conduct:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of attorneys; (7) the number of appearances involved; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*Richardson v. Parish of Jefferson*, 727 So.2d 705, 708 (La. App. 5th Cir. 1999).

The Fifth Circuit employs a "lodestar" method to assess and award attorney fees. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the

---

[1] Defense counsel argues that this Court lacks the authority to award attorney fees and costs. This argument fails because a district court confirming an arbitration award may award attorney fees and costs so long as such award does not upset or modify the arbitration decision. *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580-81 (5th Cir. 1986). The language of the arbitration award, expressly reserving the plaintiff's right to seek attorney fees and costs in a court of law, makes clear that an award of attorney fees and costs would not upset the arbiter's decision.

community for such work." *Id.*  After reviewing the hourly rates and time expended by each member of the firm working on the case, the Court finds that the requested attorney fees and costs are reasonable.  The Court further finds that the arguments raised by defense counsel in his brief are unpersuasive and lacking in merit.[2]

Accordingly, Cargill's motion for attorney fees and costs in the amount of $22,179.13 is GRANTED.

Signed in Baton Rouge, Louisiana, on August 27, 2013.

      **JUDGE JAMES J. BRADY**
      **UNITED STATES DISTRICT COURT**
      **MIDDLE DISTRICT OF LOUISIANA**

---

[2] Defense counsel rehashes a number of arguments that the Court has previously considered and rejected.  *See Cargill, Inc. v. Clark*, No. 10-CV-487, 2013 WL 1187953, n.2 (M.D. La. Mar. 21. 2013)  Specifically, counsel argues that Cargill is precluded from recouping attorney fees and costs because they were not awarded such fees and costs in the arbitration decision.  However, as Cargill points out, the language of the arbitration award clearly states that Cargill is not in any such way precluded from seeking attorney fees or costs.  Therefore, this argument still lacks merit.  Additionally, defense counsel concedes that Cargill's rates are reasonable but argues that the time expended securing a default judgment was unreasonable.  Comparing the amount of work that Cargill performed to secure a default judgment to the amount of work, or lack thereof, that defense counsel performed regarding the arbitration, was particularly unpersuasive.  The Court likewise finds that this argument is meritless.